United States District Court
Southern District of Texas
**ENTERED**
December 04, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY M. LANG, | § | |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION G-14-0357 |
| | § | |
| GREEN TREE SERVICING, LLC, | § | |
|     *Defendant.* | § | |

## SUMMARY JUDGMENT OPINION AND ORDER

This residential mortgage foreclosure action is before the court on defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC's motion for summary judgment (Dkt. 11). Plaintiff Bobby M. Lang did not respond to the motion.[1] Having considered Ditech's submission and the law, the court grants the motion and dismisses this case with prejudice.

## Background

On February 20, 2008, Lang financed the purchase of property located at 2525 Pebble Lodge Lane in Friendswood, Texas by signing a promissory note in the principle amount of $414,656.00 payable to Countrywide Bank, FSB as well as a deed of trust to secure the note. Lang defaulted on the note by failing to make timely payments in May and June 2012. On June 12, 2012, Green Tree notified Lang of the default, informed him he had 30 days to correct the default, and alerted him that if he did not cure the default within 30 days the lender may exercise the right to foreclose on the property.

---

[1] The court clerk contacted Mr. Lang on November 18, 2015 and informed him that his response was late and the court would rule without benefit of his response unless it was filed on or before November 26, 2015. Lang has filed nothing to date.

On July 12, 2012, Mortgage Electronic Registration Systems, Inc., as Nominee for Countrywide Bank, FSB, its successors and assigns, assigned the deed of trust to Green Tree Servicing LLC.

In February, 2014, counsel for Green Tree sent Lang a Fair Debt Collection Practices Act Notice informing him that the firm was undertaking collection efforts on behalf of Green Tree and that the payoff amount for the loan was $470,878.78. On March 26, 2014, Green Tree, through counsel, provided Lang further notice of the default and acceleration of the loan, provided a telephone number for Lang to call to find out the current loan payoff amount, and gave notice of a substitute trustee's sale on May 6, 2014. The record does not reflect why the May 6 sale did not go forward. Upon Lang's request, Green Tree provided him on June 20, 2014 with the payoff balance of $484,356.30 valid through June 30, 2014. On July 30, 2014, Green Tree again notified Lang of the default and loan acceleration, again provided a phone number to call to find out the current loan payoff amount, and gave notice of a substitute trustee's sale on September 2, 2014.

The September 2, 2014 sale did not go forward because Lang filed an original petition in state court contesting Green Tree's right to foreclose, and the state court granted a Temporary Restraining Order halting the sale. Green Tree removed the case from state court to this federal court.[2] At some point after removal, Green Tree became Ditech Financial LLC. Ditech filed a motion for summary judgment on October 6, 2015, and Lang has not

---

[2] Green Tree provided a third notice on January 14, 2015, with a substitute trustee's sale set for March 3, 2015, but voluntarily halted that foreclosure effort based on this proceeding.

responded.

**Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

In a non-jury trial, the judge is the ultimate trier of fact. In such cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991). The district court must be aware that assessments of credibility, however, come into sharper focus upon hearing live witnesses. *Placid Oil*, 932 F.2d at 398.

## Analysis

The Court construes Lang's petition as alleging that Ditech (f/k/a Green Tree) does not have the right to foreclose because it has not properly noticed the sale or provided the amount owed to pay the mortgage in full. Lang does not dispute that he is in default.

Under the Texas Property Code, a mortgagee or mortgage servicer acting on behalf of the mortgagee may initiate a non-judicial foreclosure sale. TEX. PROP. CODE § 51.0001(4). Where the party seeking to foreclose is not the original lender, the party must be able to trace its rights under the deed of trust back to the original mortgagee. *See, e.g., Leavings v. Mills*, 175 S.W. 3d 301, 310 (Tex. App. -- Houston [1st Dist.] 2004, no pet.). Here, Ditech can trace its rights back to the original lender through the Assignment of Deed of Trust dated July 12, 2012 (Dkt. 11-3).

The Texas Property Code also governs the time and place of a foreclosure sale and the required notices to be given before the sale. TEX. PROP. CODE § 51.002. A debtor is entitled to notice of default, intent to accelerate, and a period within which to cure the default. *Id.* at § 51.002(d). The debtor must be given 21 days notice of the time and place of the foreclosure sale. *Id.* at § 51.002(b). Green Tree has submitted evidence that Lang has been provided with all the notices required under the Texas Property Code. (Dkt. 11-4, 11-5). Lang has not contested any of this evidence.

**Conclusion and Order**

For the reasons discussed above, Ditech is entitled to summary judgment on Lang's claims. Ditech's motion (Dkt. 11) is granted, and Lang's claims are dismissed with prejudice in their entirety.

Signed at Houston, Texas on December 4, 2015.

                                                Stephen Wm. Smith
                                               United States Magistrate Judge